FILED'03 DEC 18 15:40USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT CURTIS and ANTLER LODGE MINE LTD., corporation,<br><br>   Plaintiffs,<br><br> v.<br><br>Honorable Minister Robert NAULT, et al.<br><br>   Defendants. | Civil No. 03-1649-PA<br><br>**ORDER** |

PANNER, Judge.

  This is one of five cases Plaintiff Robert Curtis filed, *pro se* and *in forma pauperis*, in this district during November 2003. Before subjecting the United States Marshal to the expense of serving this Complaint, and the defendants to the cost of responding to it, I have carefully reviewed the Complaint to determine if it states a cognizable claim over which this court may have jurisdiction.

  The Complaint, captioned "Interference with Prospective Economic Advantage," lists 71 defendants. Some are Canadian government agencies or officials. Others are Indian corporations or officials. Numerous private corporations are named, along

1 - ORDER

with several dozen individuals who cannot be characterized because the Complaint never identifies who these people are or why they were named as defendants.

A complaint is more than just a list of people the plaintiff would like to sue. At a minimum, it must include a brief statement of what each defendant has allegedly done, or failed to do; what relief the plaintiff seeks from that defendant; and a brief explanation of why the plaintiff believes he is legally entitled to that relief. See FRCP 8(a). Plaintiff has not met this obligation with regard to most of the defendants.

In addition, federal courts have limited jurisdiction. A complaint must explain why the court has authority to hear the matter. The Complaint asserts, as the lone jurisdictional basis, the "Uniform Reciprocal Enforcement of Support Act under 28 U.S.C. § 1335." URESA was a "model act" adopted by many states in the 1950's to govern the enforcement of child support orders. It has no application to the present action. 28 U.S.C. § 1335 is the "interpleader" statute. This is not an interpleader case.

Since Plaintiff[1] is *pro se*, I have scanned the Complaint for any other jurisdictional basis. The domicile of the 73 named parties is not stated, so it is unclear if there is complete diversity. 28 U.S.C. § 1332. The presence of foreign government defendants complicates the jurisdictional analysis. Moreover, with limited exceptions, foreign governments have sovereign immunity and are not subject to suit in a federal court. See 28

---

[1] The caption names a corporation as a second plaintiff. However, a corporation may not appear *pro se*. It must be represented by counsel.

2 - ORDER

U.S.C. §§ 1602 to 1611 (Foreign Sovereign Immunities Act).

It is not necessary to resolve those complexities because the Complaint concerns events and injuries occurring almost exclusively in Canada. Many involve Canadian governmental affairs, such as mining claims and regulations, land use laws, immigration, law enforcement activities, and the application and enforcement of Canadian laws (or failure to enforce those laws). The defendants include numerous Canadian government officials and agencies. The Complaint even asks this court "to hear this case and right a malicious thief (sic) by a foreign country - Canada."

Plaintiff points to no statute giving this court jurisdiction over such claims, or the authority to compel these defendants to appear in an Oregon courtroom to answer this Complaint. Plaintiff will have to pursue his claims in the courts of Canada or in another appropriate forum.

### Conclusion

Based on the materials furnished by Plaintiff Curtis regarding his assets and income, the provisional *in forma pauperis* status is confirmed and his Application to Proceed Without Prepayment of Fees (docket # 2) is granted.

This action is dismissed, without prejudice, for failure to state a claim over which this court has jurisdiction.

IT IS SO ORDERED.

DATED this ___16___ day of December, 2003.

_____
Owen M. Panner
United States District Judge

3 - ORDER